IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD MOORE                                                                                              PLAINTIFF

v.                                              CIVIL NO. 24-5092

CAROLYN W. COLVIN,[1] Acting Commissioner
Social Security Administration                                                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Ronald Moore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on November 15, 2021, alleging an inability to work since July 10, 2017,[2] due to post-traumatic stress disorder, gastroesophageal reflux disease, neuropathy in the limbs, back issues, and hand issues. (Tr. 63, 157, 164). For DIB

---

[1] Carolyn W. Colvin, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended the alleged onset date to January 1, 2017. (Tr. 14, 33-34).

1

purposes, Plaintiff maintained insured status through March 31, 2017. (Tr. 14, 173). An administrative telephonic hearing was held on February 23, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 29-61).

By written decision dated June 20, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: degenerative disc disease, diffuse joint pain (ankle, knee, and back), and post-traumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except he is limited to jobs involving simple tasks with no detailed or complex instructions, and with only incidental contact with the general public. In addition, he can perform only occasional overhead reaching.

(Tr. 18). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a store laborer, a hand packager, and a motor vehicle assembler. (ECF. 24-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 21, 2024. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ failed to provide comprehensive analysis of Plaintiff's subjective complaints; 2) The ALJ failed to give appropriate weight to Plaintiff's medical evidence; 3) The ALJ established a faulty RFC for Plaintiff; and 4) The ALJ failed to establish substantial job availability that Plaintiff could still perform. (ECF No. 13). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 14).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2017. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 1, 2017, his amended alleged onset date of disability, through March 31, 2017, the last date he was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of his insured status he

was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform medium work with limitations prior to his date last insured, the ALJ considered the medical assessment of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC prior to his date last insured. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a store laborer, a hand packager, and a motor vehicle assembler prior to his date last insured. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 23rd day of December 2024.

                                              /s/ *Christy Comstock*
                                              CHRISTY COMSTOCK
                                              UNITED STATES MAGISTRATE JUDGE